IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,150-01






EX PARTE JASON JERMAINE MURRAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 36,961-A IN THE 30TH DISTRICT COURT


FROM WICHITA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to ten (10)
years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel failed to inform him that the State
had offered him two (2) years' confinement if he pleaded true to the allegations in the State's motion to
revoke. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order trial counsel to
file an affidavit addressing whether the State offered Applicant two (2) years' confinement if he pleaded
true to the allegations in the State motion to revoke. In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim
that his plea was involuntary. Specifically, the trial judge shall make findings as to whether the State
offered Applicant two (2) years' confinement if he pleaded true to the allegations in the State's motion to
revoke. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 27, 2008

Do not publish